UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| FRANCISCO VIDAL,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>PUBLIC DEFENDERS OFFICE, PATERSON-SMITH, P.D., DARIN F. MLAY, P.D.,<br><br>　　　　　　Defendants. | Case No. 2:23-cv-01781-RFB-EJY<br><br>**ORDER** |

**I.　INTRODUCTION**

Before the Court is the Honorable Magistrate Judge Elayna J. Youchah's Report and Recommendation. ECF No. 4. For the following reasons, the Report and Recommendation is adopted.

**II.　PROCEDURAL BACKGROUND**

On November 1, 2023, Plaintiff filed a Complaint initiating this case. ECF No. 1. On November 2, 2023, an Advisory Letter was sent to the Plaintiff by the Clerk of Court. ECF No. 2. The Advisory Letter states:

> Change of Address: You should immediately file with the Court written notification of any change of address you have. This change of address includes moving to a new institution or being released on parole. The written notification must include proof of service upon each opposing party or the party's attorney. If you fail to follow this rule, the Court may dismiss your case. (Local Rule IA 3-1).

On November 3, 2023, Magistrate Judge Youchah issued an order instructing the Plaintiff to pay the filing fee or file a complete application to proceed *in forma pauperis* before or on

January 3, 2024. ECF No. 3. The order advised that a failure to comply with this order would result in a recommendation to dismiss this action without prejudice. No filing fee or application to proceed *in forma pauperis* has been filed. On February 26, 2024, Magistrate Judge Youchah issued a Report and Recommendation recommending dismissal for the Plaintiff's failure to comply with the prior order. ECF No. 4. On March 6, 2024, the Report and Recommendation sent by the Court was returned to sender as the package was undeliverable. ECF No. 5.

### III.  DISCUSSION

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. Thompson v. Hous. Auth. of City of L.A., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to obey a court order or comply with local rules. See Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (affirming dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); Malone v. U.S. Postal Serv., 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order).

In determining whether to dismiss an action on one of these grounds, the Court must consider: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. See In re Phenylpropanolamine Prod. Liab. Litig., 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting Malone, 833 F.2d at 130).

The first two factors, the public's interest in expeditiously resolving this litigation and the Court's interest in managing its docket, weigh in favor of dismissal. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. See Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor—the public policy favoring disposition of cases on their merits—is greatly outweighed by the factors favoring dismissal.

The fifth factor requires the Court to consider whether less drastic alternatives can be used

to correct the party's failure that brought about the court's need to consider dismissal. See <u>Yourish v. Cal. Amplifier</u>, 191 F.3d 983, 992 (9th Cir. 1999) (explaining that considering less drastic alternatives before the party has disobeyed a court order does not satisfy this factor); accord <u>Pagtalunan v. Galaza</u>, 291 F.3d 639, 643 & n.4 (9th Cir. 2002) (explaining that "the persuasive force of" earlier Ninth Circuit cases that "implicitly accepted pursuit of less drastic alternatives prior to disobedience of the court's order as satisfying this element[,]" i.e., like the "initial granting of leave to amend coupled with the warning of dismissal for failure to comply[,]" have been "eroded" by <u>Yourish</u>). Courts "need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives." <u>Obeng-Amponsah v. Genovese</u>, 807 F. App'x 741 (9th Cir. 2020) (citing <u>Henderson v. Duncan</u>, 779 F.2d 1421, 1424 (9th Cir. 1986)). The Court does not find less drastic alternatives are available as the Plaintiff has not even responded to the Court's orders.  Setting another deadline is not a meaningful alternative given these circumstances. Thus, the fifth factor favors dismissal.

**IV.     CONCLUSION**

**IT IS THEREFORE ORDERED** that the Report and Recommendation is **ADOPTED IN FULL**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED without prejudice**.

**IS IT FURTHER ORDERED** that the Clerk of Court is instructed to close this case.

**DATED:** June 27, 2024

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**